# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ERNEST DRAPER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-800-D |
| | ) | |
| LUKE PETTIGREW, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

# **ORDER**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 15], issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Mitchell recommends granting Respondent's Motion to Dismiss [Doc. No. 13] and dismissing the action without prejudice for failure to exhaust state remedies.

Judge Mitchell advised Petitioner of his right to object and directed that any objection be filed on or before January 12, 2021. Judge Mitchell further advised Petitioner that any failure to object would result in waiver of the right to appellate review. The deadline for filing objections has passed. To date, Petitioner has not filed objections and has not sought an extension of time in which to do so.

Accordingly, Judge Mitchell's Report and Recommendation [Doc. No. 15] is **ADOPTED** as though fully set forth herein. Respondent's Motion to Dismiss [Doc. No. 13] is **GRANTED**, and this action is **DISMISSED** without prejudice. A judgment shall be issued forthwith.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**. The denial shall be included in the judgment.

**IT IS SO ORDERED** this 20th day of January 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge